2021 IL App (2d) 200345-U
No. 2-20-0345
Order filed June 4, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| BRIAN MAHONEY, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-MR-1124 |
| | ) | |
| VILLAGE of GLEN ELLYN, | ) | Honorable |
| | ) | Paul M. Fullerton, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1  *Held*: Plaintiff was properly ticketed for parking in a no-parking zone even though (1) the no-parking sign was hung below a four-hour-parking sign on the same pole and (2) plaintiff claimed that the no-parking sign was not visible above the roof of another vehicle as he approached the zone. Plaintiff would have been able to see the sign from the rear after he parked, and it was his duty to see what the sign said.

¶ 2  Plaintiff, Brian Mahoney, appeals *pro se* from the judgment of the circuit court of Du Page County affirming the decision of an administrative hearing officer (officer) for defendant, Village of Glen Ellyn (Village), finding that plaintiff illegally parked his vehicle in a designated no-parking space. Because a no-parking sign provided reasonable notice of the prohibited space, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4     On July 13, 2019, at approximately 7:09 p.m., plaintiff was driving in the Village and looking for a parking spot. As he turned left from Main Street onto Anthony Street, plaintiff could see a sign posted on a pole on the right side of the street that said that four-hour parking was permitted. According to plaintiff, the four-hour-parking sign was visible above the roof of a minivan that was parked in front of the pole. Plaintiff could also see another four-hour parking sign further east on the street. Plaintiff then parked in a space immediately ahead of the minivan and between the minivan and a driveway. After parking, plaintiff exited his vehicle. He then made sure that he was not blocking the driveway in front of his vehicle. He also looked back to make sure that he "wasn't too close to the van" behind him. Although plaintiff thought he had parked in an authorized space, there was a second sign—just below the four-hour-parking sign on the same pole in front of the minivan—that said, "No Parking Here to Drive." According to plaintiff, he never saw the second sign prohibiting him from parking.

¶ 5     As plaintiff was describing where he parked, the officer commented that his mother lived in a condo in that area. The officer found that, because there was a clearly marked no-parking sign, plaintiff was liable for the parking infraction. The officer noted that it made no difference that a vehicle was blocking the view of the sign. The officer also commented, "[T]he thing is the sign is there. The picture you showed me shows that the sign is there." He further commented, "Why signs are at certain heights, I don't know."

¶ 6     Plaintiff appealed to the circuit court. He contended that the officer erred because it was undisputed that plaintiff could not see the no-parking sign because of the minivan. He further asserted that the officer was biased because the officer's mother lived in the Village and, thus, he had a personal interest in the Village's collecting parking fees.

¶ 7　　The circuit court affirmed the administrative decision for "reasons set forth on the record" at the administrative hearing.

¶ 8　　Plaintiff filed a motion to reconsider, which the circuit court denied. Plaintiff filed this timely appeal.

¶ 9　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　　On appeal, plaintiff contends that (1) the officer erred in finding him liable, as the evidence established that the no-parking sign was not visible, and (2) we should remand so that he can submit evidence of other signs in the area to show that the no-parking sign at issue did not provide reasonable notice.

¶ 11　　When a party appeals from the circuit court's decision on a determination by an administrative agency, our role is to review the administrative decision rather than the circuit court's decision. *Farrar v. City of Rolling Meadows*, 2013 IL App (1st) 130734, ¶ 12. Judicial review of an administrative decision extends to all questions of law and fact presented by the entire record. *Farrar*, 2013 IL App (1st) 130734, ¶ 12 (citing 735 ILCS 5/3-110 (West 2012)). Any factual findings of the administrative agency are considered *prima facie* true and correct. *Farrar*, 2013 IL App (1st) 130734, ¶ 12. Questions of law, however, are reviewed *de novo. Farrar*, 2013 IL App (1st) 130734, ¶ 12.

¶ 12　　The Illinois Vehicle Code (Code) authorizes municipalities to regulate vehicle parking. 625 ILCS 5/11-208(a)(1) (West 2018). The Code further provides that a municipality may provide via ordinance a system of administrative adjudication of parking violations. 625 ILCS 5/11-208.3(a) (West 2018).

¶ 13    In this case, plaintiff does not dispute that the Village had the authority to prohibit parking where it did or that he parked in a no-parking space. Rather, he asserts that, because he did not see the no-parking sign, it was unenforceable as to him.

¶ 14    Although plaintiff claimed not to have seen the no-parking sign as he turned onto Anthony Street, there is no evidence that it was not visible from other perspectives. Indeed, he could have seen that there was a second sign on the pole as he drove past the parked minivan, as he parked his vehicle immediately ahead of the sign, or, more importantly, when he exited his vehicle and looked back to see if he had parked too close to the minivan. Even if he saw only the back of the no-parking sign below the four-hour-parking sign, he should have been alerted to walk around and see what was on the lower sign. Had he done so, he would have known that he had parked in a prohibited space. Because the no-parking sign was visible from perspectives other than when plaintiff turned onto Anthony Street, the no-parking sign provided reasonable notice that it was illegal to park between the sign and the driveway. Thus, the officer's decision was proper.

¶ 15    Plaintiff alternatively asserts that we should remand so that he can submit evidence showing that the no-parking sign was posted inconsistently with other signs in the area.

¶ 16    In reviewing an administrative decision, courts are confined to consideration of the evidence submitted during the administrative hearing and may not entertain additional evidence. *Crabtree v. Illinois Department of Agriculture*, 128 Ill. 2d 510, 517 (1989). Generally, no new or additional evidence in support of or in opposition to any administrative finding, order, determination, or decision shall be heard by the circuit court. 735 ILCS 5/3-110 (West 2018)). Nonetheless, the circuit and appellate courts have the power to remand the matter to the administrative body for the purpose of taking additional evidence when, from the state of the record, such a remand is just. See 735 ILCS 5/3-111(a)(7) (West 2018); *Village of Western Springs*

*v. Pollution Control Board*, 107 Ill. App. 3d 864, 870 (1982). However, no such remand shall be made on the ground of newly discovered evidence unless it appears that such evidence was (1) discovered after the termination of the administrative proceeding and could not have been obtained by reasonable diligence before the hearing, (2) material, and (3) not cumulative. 735 ILCS 5/3-111 (West 2018).

¶ 17    Here, plaintiff does not contend that the evidence he asks to submit upon remand was not available to him before the hearing. Indeed, it appears that plaintiff, by the exercise of reasonable diligence, could have obtained that evidence in time to submit it at the hearing. See *Crabtree*, 128 Ill. 2d at 517-18. Further, such evidence was not material, as showing how other signs in the area were posted would not bear on the visibility of the particular no-parking sign at issue.

¶ 18    Lastly, we note that plaintiff did not raise any issue in his opening brief regarding the alleged bias of the officer. It was not until his reply brief that he raised that argument. That, of course, was too late. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not raised in the opening brief are forfeited and cannot be raised in the reply brief). Even were we to address the merits of the bias issue, plaintiff's challenge would fail. Merely because the officer's mother lived in the Village did not show that the officer had an interest in seeing that parking fines were imposed. Thus, plaintiff failed to show that the officer was disqualified from ruling on cases involving alleged parking violations.

¶ 19                              III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 21    Affirmed.